```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AGLAIDE OSCAR, NINA ROBINSON                                    Civil Action No.: 11 CV 5319
AND THE CLASS,

                           Plaintiffs,
        -against-                                               AMENDED CLASS ACTION
                                                                COMPLAINT

PROFESSIONAL CLAIMS BUREAU, INC.,
                                                                DEMAND FOR JURY TRIAL
                           Defendant(s).
-----------------------------------------------------------X
```

Plaintiff's AGLAIDE OSCAR AND NINA ROBINSON ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants PROFESSIONAL CLAIMS BUREAU, INC. hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff Aglaide Oscar is a resident of the State of New York, residing at 243 Grand Street, Westbury, NY 11590-3703. Plaintiff Nina Robinson is a resident of the State of New York, residing at 14835 Edgewood St., Rosedale, NY 11422-3210

3. Defendants PROFESSIONAL CLAIMS BUREAU, INC., has their main office at 439 Oak Street, Garden City, NY 11530.

4. Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff s brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendants.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the

Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. The Plaintiff AGALAIDE OSCAR received a debt collection letter form the Defendant dated February 23rd, 2011.

22. The Defendant's letter violated 15 USC §1692 f- preface, using an unfair and unconscionable means to collect a debt, by stating: "Payment is expected within 10 days of this notice. If this account is not resolved, we will assume you have no intention of settling

this outstanding debt and will notify our client of this." It was unfair to assume that if the Plaintiff did not make payment in the 10 day period that she had no intention to settle her debt.

23. The Defendant's violated 15 USC §1692 e (7), the false representation that the consumer committed any crime or other conduct in order to disgrace the consumer, by stating that if Plaintiff failed to remit payment in 10 days, then they would assume that she does not intend to settle her debt. The Defendant's statement of their assumption disgraced the Plaintiff.

24. The Defendant's further violated 15 USC §1692 e- preface and e (10) and e (5), using any false and misleading representations to collect a debt and threatening to take any action that cannot legally be taken or that is not intended to be taken. When the Defendant stated that if payment wasn't made in 10 days then they would report Plaintiff's actions to the original creditor, that was a false and misleading statement.

25. The Plaintiff NINA ROBINSON received a debt collection letter from the Defendant dated April 5th, 2011.

26. The Defendant's letter violated 15 USC §1692 e- preface, e (10), by falsely stating that the Defendant would inform their client that the Plaintiff had no intention of paying the debt if payment was not made within ten days of the notice. The Defendant did not inform their client and continued to send collection notices to the Plaintiff.

27. The Defendant further violated 15 USC §1692f – preface by using an unfair and unconscionable means to collect a debt by further stating that they will assume that the Plaintiff has no intention of settling the debt and would notify the client

of this. It is unfair and unconscionable that the Defendant could assume that if the debt was not resolved within 10 days of the notice that the Plaintiff had no intention of settling. This is patently false, and it is further unfair to inform the Defendant's client of such as it is not true.

28. The Defendant further violated 15 USC §1692d (6) by calling the Plaintiff NINA ROBINSON to the cell phone of Paul Gibbon and leaving a message that failed to identify their company, and further violated 15 USC §1692c(b) by disclosing to a third party that the Plaintiff was being contacted by a debt collector.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

29. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692 f-preface, e- preface, 15 USC §1692 e (7), 15 USC §1692 e (10), 15 USC §1692d (6), and 15 USC §1692c (b).

31. As a result of Defendant's violations of the FDCPA, Plaintiffsand the CLASS have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

32. Plaintiffs AGLAIDE OSCAR, NINA ROBINSON AND THE CLASS hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs AGLAIDE OSCAR, NINA ROBINSON and the CLASS demand judgment from the Defendants as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
              November 28, 2011

                              Respectfully submitted,

                              By: _____
                              M. Harvey Rephen, (MR3384), Esq.
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              708 Third Avenue, 6th Floor
                              New York, New York 10017
                              Phone:  (212) 796-0930
                              Facsimile: (212) 330-7582

                              *Attorney for the Plaintiffs Aglaide Oscar, Nina*
                                *Robinson and The Class*

To:    Professional Claims Bureau, Inc.
439 Oak Street
Garden City, NY 11530
*(by prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                CASE NO.:


AGLAIDE OSCAR,  NINA ROBINSON
AND THE CLASS,

                              Plaintiff(s),

      -against-

PROFESSIONAL CLAIMS BUREAU, INC.

                              Defendant(s).

_____


## COMPLAINT

_____


M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

_____