UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
AGLAIDE OSCAR & NINA ROBINSON,

                Plaintiff,

    -   against -

PROFESSIONAL CLAIMS BUREAU, INC.,

               Defendants.
----------------------------------------------------------------------------X

Case No.
11 CV 5319 (SJF)(WDW)

PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(B)(6)

WILLIAM G. GOODE, ESQ.
LAW OFFICE OF WILLIAM G. GOODE
350 Veterans Memorial Highway
Commack, New York 11725
Phone: 631-223-7740
Fax: 888-415-1859
Email: william@williamgoode.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... 3
I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS................................. 5
II.  STANDARD ........................................................................................................................ 5
III. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT. .................. 6
IV.  THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS. ....................................................................................................... 7
   a. Plaintiff Is A "Consumer" As Defined By The FDCPA ........................................ 8
   b. Professional Claims Bureau Is A "Debt Collector" As Defined By The FDCPA ... 8
   c. Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA .............. 9
VI.  THE LANGUAGE USED IN DEFENDANT'S COLLECTION LETTER IS IN VIOLATION OF THE FDCPA ................................................................................................ 9
VII. CONCLUSION .................................................................................................................. 11

## TABLE OF AUTHORITIES

### Supreme Court Opinions

*Heintz v Jenkins*, 514 US 291 [1995] .................................................................................... 6, 7

### Federal Court Opinions

*Clomon v Jackson*, 988 F2d 1314 [2d Cir 1993] ......................................................................... 9

### Second Circuit Opinions

*Global Network Communs., Inc. v City of N.Y.*, 458 F3d 150 [2d Cir 2006] ............................... 4
*Plummer v Gordon*, 193 F Supp 2d 460 [D Conn 2002] ............................................................. 6
*Harrison v NBD Inc.*, 968 F Supp 837 [EDNY 1997] .................................................................. 6

### Third Circuit Opinions

*Adams v Law Offices of Stuckert & Yates*, 926 F Supp 521 [ED Pa 1996] .................................. 9

### Fifth Circuit Opinions

*McCartney v First City Bank*, 970 F2d 45 [5th Cir 1992] ............................................................. 6

### Sixth Circuit Opinions

*Edwards v McCormick*, 136 F Supp 2d 795 [SD Ohio 2001] ........................................................ 9

### Seventh Circuit Opinions

*Ross v Commercial Fin. Servs., Inc.*, 31 F Supp 2d 1077 [ND Ill 1999] ....................................... 6
*McMillan v Collection Professionals, Inc.*, 455 F3d 754 [7th Cir 2006] ...................................... 9
*Muha v Encore Receivable Mgmt.*, 558 F3d 623 [7th Cir 2009] ................................................ 10

### Ninth Circuit Opinions

*Baker v G.C. Servs. Corp.*, 677 F2d 775 [9th Cir 1982] .............................................................. 6

*Sprinkle v SB&C Ltd.*, 472 F Supp 2d 1235 [WD Wash 2006] ...................................................... 6

*Clark v Capital Credit & Collection Servs.*, 460 F3d 1162 [9th Cir 2006] ................................... 6

### Tenth Circuit Opinions

*Johnson v Riddle*, 305 F3d 1107 [10th Cir 2002] ......................................................................... 6

### United States Code

15 USC § 1692 ............................................................................................................................ 4, 5

15 USC § 1692k ............................................................................................................................. 5

15 USC § 1692(a) .......................................................................................................................... 5

15 USC § 1692(b) .......................................................................................................................... 5

15 USC § 1692(e) .......................................................................................................................... 5

15 USC § 1692d ............................................................................................................................. 6

15 USC § 1692e ............................................................................................................................. 6

15 USC § 1692f .............................................................................................................................. 6

15 USC § 1601 et seq. ................................................................................................................... 6

15 USC § 1692a(3) ........................................................................................................................ 7

15 USC § 1692a(6) ........................................................................................................................ 7

15 USC § 1692a(5) ........................................................................................................................ 8

### Rules

Federal Rules of Civil Procedure 12(b)(6) .................................................................................... 4

### Other

15. U.S.C. § 1692f ......................................................................................................................... 9

I.  **INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

Plaintiffs, Aglaide Oscar ("Oscar"), Nina Robinson ("Robinson") and the Class, submit the within Memorandum of Law in opposition to Defendant, Professional Claims Bureau, Inc.'s ("PCB") motion, seeking an Order pursuant to Federal Rules of Civil Procedure 12(b)(6) dismissing the complaint.

The within action is a putative class action brought by Oscar and Robinson on behalf of the class against PCB for violation of the Fair Debt Collection Practices Act ("FDCPA") 15 USC § 1692 *et seq*. More particularly, Plaintiffs allege that they both received debt collection letters from Defendant stating "Payment is expected within 10 days of this notice. If this account is not resolved, we will assume you have no intention of settling this outstanding debt and will notify our client of this." (*see* Amended Complaint, ¶22). It is plaintiff's position that this language is in violation of the FDCPA and accordingly, Defendant's motion should be denied in its entirety.

II.  **STANDARD**

When considering a motion to dismiss brought under Rule 12(b)(6), a court must accept factual allegations in the complaint as true, and must draw all inferences in favor of the non-moving party. A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Global Network Communs., Inc. v City of N.Y.*, 458 F3d 150, 154 [2d Cir 2006] (internal citation and quotation omitted).

### III. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 USC § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. *Id.* § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. *Id.* § 1692(b). The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Heintz v Jenkins*, 514 US 291 [1995]; *McCartney v First City Bank*, 970 F2d 45 [5th Cir 1992]; *Baker v G.C. Servs. Corp.*, 677 F2d 775 [9th Cir 1982].

## IV.   THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v SB&C Ltd.*, 472 F Supp 2d 1235 [WD Wash 2006]. **[*8]** The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v Capital Credit & Collection Servs.*, 460 F3d 1162 [9th Cir 2006]. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 USC § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v Riddle*, 305 F3d 1107 [10th Cir 2002]; *see e.g.*, *Plummer v Gordon*, 193 F Supp 2d 460, 463 [D Conn 2002]; *Ross v Commercial Fin. Servs., Inc.*, 31 F Supp 2d 1077, 1079 [ND Ill 1999]; *Harrison v NBD Inc.*, 968 F Supp 837 [EDNY 1997]

## V.   PLAINTIFF HAS ADEQUATELY PLEAD A VIOLATION OF THE FDCPA

The first prong of Defendant's Motion to Dismiss, states that Plaintiff has failed to properly allege the elements of a claim under the FDCPA. To make out a claim under the

FDCPA, a plaintiff must show that 1) they are a consumer, 2) that the defendant is a debt collector, and 3) that the defendant took some action in violation of the FDCPA. It must also be shown that the matter concerns a "debt" as that term is defined by the FDCPA. For the reasons listed below, plaintiff has adequately pled the elements of a violation of the FDCPA.

    a. **<u>Plaintiff Is A "Consumer" As Defined By The FDCPA</u>**

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt." 15 USC § 1692a(3). In the instant matter, Professional Claims Bureau attempted to collect from Plaintiffs a debt allegedly owed a third party creditor (Winthrop University Hospital). Plaintiff incurred the debt alleged due a third party creditor primarily for personal, family, or household services. Plaintiff is therefore a person obligated, or alleged to be obligated, to repay a debt, and as such constitutes a "consumer" as defined by the FDCPA.

    b. **<u>Professional Claims Bureau Is A "Debt Collector" As Defined By The FDCPA</u>**

"Debt collectors" are defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC § 1692a(6). For reason that instrumentalities of interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA. The United States Supreme Court stated that "[t]he Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debt owed [to] ... another.'" *Heintz v Jenkins*, 514 US 291, 293 [1995].

Professional Claims Bureau, Inc. is in the business of collecting delinquent debts originally owed to third parties. PCB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

PCB printed and mailed, or caused to be printed and mailed, letters to Plaintiffs in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default.

Accordingly, and because PCB attempted to collect a debt allegedly owed another by utilizing instrumentalities of interstate commerce, *i.e.* telephone calls and mailings, PCB, for purposes of this matter, is a "debt collector" as defined by the FDCPA.

### c. Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 USC § 1692a(5). In the instant matter, the subject debt that Defendant attempted to collect from Plaintiff was that of an alleged amount owed a third party creditor, which was utilized for purchasing personal, family, or household goods and services. More specifically, in the within action these were debts owed for medical services.

## VI. THE LANGUAGE USED IN DEFENDANT'S COLLECTION LETTER IS IN VIOLATION OF THE FDCPA

The FDCPA at section 1692f provides in part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA defines neither the term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices. Particular to "unfair or unconscionable means" the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f. As the section 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *See McMillan v Collection Professionals, Inc.*, 455 F3d 754 [7th Cir 2006]. Section 1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by sections 1692d & 1692e." *Edwards v McCormick*, 136 F Supp 2d 795 [SD Ohio 2001]. Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v Law Offices of Stuckert & Yates*, 926 F Supp 521, 528 [ED Pa 1996] (citing *Masuda v Thomas Richards & Co.*, 759 F Supp 1456, 1461 n 10 [CD Cal 1991]).

In the Defendant's collection letter they state, "Payment is expected within 10 days of this notice. If this account is not resolved, we will assume you have no intention of settling this outstanding debt and will notify our client of this." This language is false, deceptive and misleading and therefore in violation of the FDCPA. "The use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e----regardless of whether the representation in question violates a particular subsection of that provision." *Clomon v Jackson*, 988 F2d 1314 [2d Cir 1993]. This language is false in misleading in that it is not necessarily true that the recipient of the letter does not intend to pay the debt if they do not pay it within 10 days.

In the within action it was **not** true because Oscar paid the debt due to Winthrop Hospital on December 14, 2011, more than 10 days after receiving the collection demand letter on February 23, 2011.  (*See,* Copy of Check and Payment Receipt annexed hereto as Exhibit "A").

In addition to being a false statement, the language used in Defendant's collection letter is material in that it would influence the decision of a consumer whether or not to pay the debt. *Muha v Encore Receivable Mgmt.*, 558 F3d 623 [7th Cir 2009].  A consumer may read this language and think that they must pay the debt within 10 days or they will not have another opportunity to pay it.  This is clearly not true since in the within action Defendant accepted payment on this debt nearly 10 months after sending the letter at issue.

## VII. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that Defendants motion to dismiss be dismissed in its entirety.

DATED:   Commack, New York
         February 3, 2012

                                        LAW OFFICE OF WILLIAM G. GOODE

                                            /s/ William G. Goode
                                        By:_____
                                            William G. Goode (WG 4506)
                                        ATTORNEYS FOR PLAINTIFF
                                        350 Veterans Memorial Highway
                                        Commack, New York 11725
                                        Phone: 631-223-7740
                                        Fax: 888-415-1859
                                        Email: william@williamgoode.com