**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
AGLAIDE OSCAR & NINA ROBINSON

        Plaintiffs

   -against-

PROFESSIONAL CLAIMS BUREAU, INC.

        Defendant
-------------------------------------------------------------------------------X

11-cv-05319-SJF-WDW

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF DEFENDANT'S MOTION**
**TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**

HILARY KORMAN, ESQ.
MEL S. HARRIS & ASSOCIATES, LLC
5 Hanover Square – 8th Floor
New York, New York 10004
212-660-4900 Ext.3309

# Table of Contents

**INTRODUCTION**........................................................................................................................3

**LEGAL ARGUMENT** ................................................................................................................3

   **A**.    PLAINTIFF'S THINLY VEILED ATTEMPT TO DISTRACT THE COURT FROM THE ISSUES BEFORE IT BASED ON A GENERAL DISCUSSION OF THE FDCPA FAILS .......................3

   **B.**    DEFICIENCIES IN OPPOSITION AS A WHOL**E**.........................................................................4

   **C.**    PLAINTIFFS HAVE IMPLICITLY ACKNOWLEDGED THAT THEY CANNOT OVERCOME THE FACIAL DEFECTS OF THE AMENDED COMPLAINT .........................................4

   **D.**    NOWHERE IN THE OPPOSITION DO PLAINTIFFS TRY TO OVERCOME THE FACT THAT THE COMPLAINT DOES NOT SATISFY THE IQBAL/TWOMBLY PLEADING REQUIREMENTS .................................................................................................................5

   **E.**    OF THE ONE AND A HALF PAGES OF THE OPPOSITION THAT IS DEDICATED TO THE MERITS OF THIS ACTION, IT IS CLEAR THAT PLAINTIFFS STRUGGLE, AND ARE UNABLE TO, SALVAGE THE FDCPA CLAIMS .................................................................6

      **i.**    PLAINTIFF'S ATTEMPTED PRESERVATION OF THE 1692F CLAIM................................6

      **ii.**    PLAINTIFF'S ATTEMPTED PRESERVATION OF THE 1692E CLAIM AND ABANDONMENT OF THE 1692E(5), 1692E(7), AND 1692E(10) CLAIMS ......................................7

      **iii.**    THE EXTRINSIC EVIDENCE ATTACHED TO PLAINTIFFS' OPPOSITION IS IMPROPER AND STILL CANNOT OVERCOME THE OBVIOUS APPLICATION OF LAW IN THIS CASE. ........................................................................................................................10

**CONCLUSION** ..........................................................................................................................10

# Table of Authorities

**Cases**

*Annis v. Eastern Asset Management, LLC.,* Slip Copy, 2010 WL 1035273 at *4 (W.D.N.Y. 2010), No. 08-CV-458S (citing *Foti* v. *NCO Financial Systems, Inc.* 424 F.Supp.2d at 667 (S.D.N.Y. 2006)) ...........................................................................6

*Bay Tobacco, LLC v. Bell Quality Tobacco Products*, *LLC,* 261 F.Supp.2d 483 (E.D.Va.2003).................................................................................................................10

*Brezel v. Deloitte & Touche, LLP,* 03-cv-1540(RMB), 2004 WL 253284 at *1-2 (S.D.N.Y. 2004) .......................................................................................................................10

*Cozzarelli v. Inspire Pharmaceuticals Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) ............................5

*Friedl v. City of New York,* 210 F.3d 79 (2d Cir. 2000) ...............................................................10

*Hale v. AFNI, Inc,* Slip Copy, 2010 WL 380906 at *5 (N.D.Ill. 2010) Case No. 08-CV-3918. .........9

*In re Tamoxifen Citrate Antitrust Litigation*, 466 F.3d 187 (2d Cir. 2006) ........................................ 5

*Lugosch v. Congel*, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. 2002) .............................. 10

*Muha v. Encore Receivable Mgmt. Inc.*, 558 F.3d 623 (7th Cir. 2009): ................................................. 8

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F.Supp. 832, 836 (S.D.N.Y. 1988) ................. 4

*Wolgin v. Simon*, 722 F.2d 389 (8th Cir. 1983) ................................................................................. 5

**Statutes**
1692e ............................................................................................................................................... 7
1692e(10) ........................................................................................................................................ 7
1692e(5) .......................................................................................................................................... 7
1692e(7) .......................................................................................................................................... 7
1692f ............................................................................................................................................... 6
Fed.R.Civ.P. § 12(b)(6) ................................................................................................................... 3
Fed.R.Civ.P. 15(a)(1) ...................................................................................................................... 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
AGLAIDE OSCAR & NINA ROBINSON

        Plaintiffs

                                                                                                 11-cv-05319-SJF-WDW

    -against-

PROFESSIONAL CLAIMS BUREAU, INC.

        Defendant
-------------------------------------------------------------------------------X

## INTRODUCTION

This reply brief is respectfully submitted in further support of Defendant's motion to dismiss plaintiffs' amended complaint pursuant to Fed.R.Civ.P. § 12(b)(6). Defendant will additionally rely on the facts and authority provided in its brief previously submitted in support of the instant motion. Again, this entire case is grounded in the misplaced claim that it is somehow a violation of law for a collection agency to 1) be of the opinion that if a debtor has not yet paid their bill, that they may never pay it and 2) to routinely report the non-payment status of an account to its client.

## LEGAL ARGUMENT

**A. PLAINTIFF'S THINLY VEILED ATTEMPT TO DISTRACT THE COURT FROM THE ISSUES BEFORE IT BASED ON A GENERAL DISCUSSION OF THE FDCPA FAILS**

As the Court will note, plaintiffs spend one and a half pages of their seven page opposition generally discussing the stated purposes of the FDCPA and certain broad provisions included within the FDCPA in a thinly-veiled attempt to both dramatize what this case is actually about and distract the Court from the fatally flawed merits. Furthermore, it seems plaintiffs are

3

urging the Court to "liberally construe" the FDCPA in favor of the consumer[1]. However, PCB submits that even accepting plaintiff's standard as true, even the most liberal reading of the FDCPA will not overcome plaintiffs' absurd and disingenuous misreading of the Act in this case.

**B.     DEFICIENCIES IN OPPOSITION AS A WHOLE**

Presumably because there is no logical explanation for it, plaintiffs do not even attempt to explain why, despite their alleged ability to somehow be able to represent a common group of consumers, and despite having receiving an identical collection notice, their causes of action and "factual" support for each claim differ (*see* Pertinent Facts section of prior Memorandum of Law in Support).

**C.     PLAINTIFFS HAVE IMPLICITLY ACKNOWLEDGED THAT THEY CANNOT OVERCOME THE FACIAL DEFECTS OF THE AMENDED COMPLAINT**

In paragraph "V" of plaintiffs' opposition, plaintiffs repeat the elements that defendant alleged[2] must be plead in order to frame an actionable FDCPA claim; 1) that the plaintiff is a consumer as defined by the FDCPA, 2) that the defendant is a "debt collector" as is defined by the FDCPA, 3) that the defendant took some action in violation of the FDCPA, and 4) that the matter concerns a "debt" as is defined by the FDCPA.  Despite this acknowledgement, and claim that plaintiffs' amended complaint somehow satisfies the above-referenced requirements notwithstanding the fact that there is <u>no averment</u> within the amended complaint which alleges that either plaintiff is a consumer, that defendant is a debt collector, or that the underlying debts were "debts" as defined by the FDCPA, plaintiffs somehow comes to the conclusion that the undisputed FDCPA elements *have been plead*.  To that end, plaintiffs do not point to any language within the amended complaint that satisfies the standard.  Instead, plaintiffs attempt to

---

[1] While the majority of the cases cited by plaintiffs in section "III" of their brief do reference that the FDCPA should be *liberally construed*, they do not all additionally state that the liberal interpretation should favor the consumer, as plaintiffs have suggested.  see, for example, *Harrison v. NBD Inc.*, 968 F.Supp. 837, 844 (E.D.N.Y. 1997).
[2] *See* Section III of defendant's memorandum in support of its motion to dismiss.

4

patch the holes in the amended complaint by including the new averments within *their opposition.* However, including certain averments within an opposition does not effectively amend the complaint[3]. In *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* the court stated:

> The function of a motion to dismiss under Rule 12(b)(6) is to test the adequacy of the statement of a claim for relief made in any pleading. In considering a Rule 12(b)(6) motion, the court should confine its inquiry to the pleadings. A claim for relief "*may not be amended by the briefs in opposition to a motion to dismiss.*" Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984) (citing Jacobson v. Peat, Marwick, Mitchell & Co., 445 F.Supp. 518, 526 (S.D.N.Y.1977); see Sansom Comm. v. Lynn, 366 F.Supp. 1271, 1278 (E.D.Pa.1973); Chambliss v. Coca–Cola Bottling Co., 274 F.Supp. 401, 409 (E.D.Tenn.1967), aff'd on other grounds, 414 F.2d 256 (6th Cir.1969), cert. denied, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970)), cert. denied, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985).

687 F.Supp. 832, 836 (S.D.N.Y. 1988)(emphasis added). *See also In re Tamoxifen Citrate Antitrust Litigation*, 466 F.3d 187 (2d Cir. 2006)[4]; *Wolgin v. Simon*, 722 F.2d 389 (8th Cir. 1983); *Cozzarelli v. Inspire Pharmaceuticals Inc*., 549 F.3d 618, 630-31 (4th Cir. 2008). Accordingly, plaintiffs Section "V" must be disregarded as ineffective and improper.

**D.    NOWHERE IN THE OPPOSITION DO PLAINTIFFS TRY TO OVERCOME THE FACT THAT THE COMPLAINT DOES NOT SATISFY THE IQBAL/TWOMBLY PLEADING REQUIREMENTS**

Despite fatal issues highlighted throughout defendant's memorandum of law in support of the instant motion regarding plaintiffs' failure to allege sufficient facts to support the asserted causes of action in violation of the Iqbal/Twombly pleading standards (*see* Defendant's Memorandum of Law in Support of its Motion to Dismiss, Sections IV, V, VI, VII) plaintiffs present no argument or authority to contradict the position and impliedly concede that the

---

[3] It should also be noted that plaintiffs have already utilized their opportunity to amend as of right pursuant to Fed.R.Civ.P. 15(a)(1).

[4] In that case, the Second Circuit held that it is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss. Here, plaintiffs do not even make such an implicit request.

5

pleadings are in fact deficient. For this reason, and the reasons cited in defendant's primary memorandum of law, each defective cause of action must be dismissed.

**E.    OF THE ONE AND A HALF PAGES OF THE OPPOSITION THAT IS DEDICATED TO THE MERITS OF THIS ACTION, IT IS CLEAR THAT PLAINTIFFS STRUGGLE, AND ARE UNABLE TO, SALVAGE THE FDCPA CLAIMS**

At the outset, it should be noted that, of the seven pages of plaintiffs' opposition, only one and a half pages are dedicated to attempting to preserve the merits of this case. Additionally, of that limited amount, it appears plaintiffs have only attempted to defend two of the claims, as will be described in more detail below. Given that, it seems plaintiffs are not opposing the dismissal of the majority of the claims.

**i.    PLAINTIFF'S ATTEMPTED PRESERVATION OF THE 1692F CLAIM**

In a last-ditch effort to save their 1692f claim, plaintiffs acknowledge that the alleged conduct does <u>not</u> fall within one of the clear-cut enumerated categories of the section and <u>only state</u> that § 1692f is a catch-all provision. Plaintiffs do not even state why or how the quirky "facts" of this case are fit to be regulated by the generic "catch all" provision. To add insult to injury, plaintiffs do not provide any on-point authority that supports a finding of liability under the "catch all" provision in this case. Further, plaintiffs disregard, and do not refute, the argument that a plaintiff is prohibited from pleading the same conduct as the basis for other FDCPA violations as the basis for a 1692f claim (*see Annis v. Eastern Asset Management, LLC.,* Slip Copy, 2010 WL 1035273 at *4 (W.D.N.Y. 2010), No. 08-CV-458S (citing *Foti* v. *NCO Financial Systems, Inc.* 424 F.Supp.2d at 667 (S.D.N.Y. 2006)). As defendant described in detail in Section "V" of its Memorandum, 1692f focuses on how the *consumer* would perceive a communication or situation, not how a debt collector would, and, unconscionability and/or unfairness is only found in cases where a consumer is substantially injured, the injury is not

6

outweighed by the benefits, and the injury cannot reasonably be avoided.  Also considered is if a debt collector abuses its superior economic position or sophistication.  In this case, unquestionably, there are no allegations of any substantial injury to plaintiffs that they could not avoid as a result of the language in the letter at issue, nor could there be.  Further, it cannot be said, and plaintiffs did not say, that defendant abused its superior economic position to manipulate plaintiffs in any way.  In addition, a debt collector's belief that payment would not be made, in light of the facts plead in the amended complaint which <u>do not</u> state that payments had been made prior to the time that the letter was sent, are reasonable, informational, and not actionable under this provision.

### ii. PLAINTIFF'S ATTEMPTED PRESERVATION OF THE 1692E CLAIM AND ABANDONMENT OF THE 1692E(5), 1692E(7), AND 1692E(10) CLAIMS

Despite plaintiffs' general discussion of the 1692e catch-all provision in their opposition brief, plaintiffs' complaint (where applicable for each plaintiff) pursued separate violations of 1692e, 1692e(5), 1692e(7) and 1692e(10).

In support of the 1692e claim, plaintiffs only state that the language of the letter "is false and misleading in that it is not necessarily true that the recipient of the letter does not intend to pay the debt within 10 days."  However, plaintiffs are essentially repeating what was already stated in the amended complaint, which defendant has already shown to be insufficient from a pleading standard perspective.  Again, plaintiffs do not supply a single case that is similar to theirs nor offer *any argument* to support their curious position.  Given the lack of authority offered to support any of plaintiffs' claims, beyond citing the general standard for reviewing 1692e and 1692f claims, it is unclear what plaintiffs' basis was for filing the instant suit in the first place.

Moreover, as described in defendant's memorandum of law, plaintiffs have again misconstrued the language of the letter at issue; the letter clearly states that payment is expected within 10 days. There is no qualifier that there is a ten day period attached to reporting the information to the client or that a debtor would not have an opportunity to make a payment after the ten days expire. The letter simply states that if the account is not settled, that the client will be notified. Further, as the plaintiffs are the only ones aware of what their *real* intentions are, then such a statement would not mislead their already-planned or contemplated course of action. Additionally, because it is undisputed that plaintiffs had not paid the accounts at the time the collection letter was sent, the statement was <u>not</u> false. Finally, to avoid repetition defendant respectfully refers the Court to its discussion of materiality and false statements in Sections "IV" and "VI" of defendant's previous Memorandum of Law. In sum, even if the statement that plaintiff did not intend to pay their debts *was* false or deceptive, which defendant disputes and which, even if false, would not necessarily rise to the level of an FDCPA violation, it would be considered immaterial, insignificant, and would not result in liability.

As to the one paragraph of the opposition that is dedicated to attempting to refute defendant's lack of materiality argument, plaintiffs rely only upon their incorrect and disingenuous reading of the collection letter to state that, pursuant to *Muha v. Encore Receivable Mgmt. Inc.,* 558 F.3d 623 (7th Cir. 2009):

> [A] consumer may read this language and think that they must pay the debt within 10 days or they will not have another opportunity to pay it. This is clearly not true since in the within action Defendant accepted payment on this debt nearly 10 months after sending the letter at issue.

First, this interpretation was not asserted in the amended complaint and cannot now be asserted in an attempt salvage the claim or cure the pleading defect (see Section C, supra). Also, as

8

described below, defendant has no record of receiving the Exhibit A payment from Oscar and it appears that if the payment was made, it was made to defendant's client directly. Third, <u>nowhere</u> in the letter at issue is there any implication that if payment was not made within 10 days that there would be no other opportunity to pay the account. Again, the letter only states "Payment is *expected* within 10 Days of this notice. If this account is not resolved [no deadline referenced with which to resolve], we will assume that you have no intention of settling this account and will notify our client of this." (comment and emphasis added). Ironically, plaintiffs' own attempt to unreasonably read a second interpretation into the straight forward collection letter (*see* Defendant's Memorandum of Law Pg. 18-19) is contradicted by their position; that is, Robinson was never influenced by the language of the letter as she never made any payment whatsoever, and, Oscar allegedly made a payment 10 months after the letter was received and clearly did not believe that he only had a ten day window to do so. Moreover, unlike defendant, plaintiffs fail to provide *any specific examples* where a court has supported their bizarre and idiosyncratic reading of the statute. Also, plaintiffs fail to address the first prong of the *Hale v. AFNI, Inc.* materiality analysis, that the alleged false statement is <u>also</u> confusing and misleading. Slip Copy, 2010 WL 380906 at *5 (N.D.Ill. 2010) Case No. 08-CV-3918. As already stated, only the plaintiffs actually know what his or her real intentions are and cannot be confused by someone else's immaterial opinion.

Finally, as plaintiffs do not even contradict defendant's position or arguments in Sections "V," "VI" and "VII" regarding the 1692e(5), 1692e(7) and 1692e(10) claims, the Court is forced to assume that the dismissal of the claims are unopposed and/or plaintiffs are unable to find any authority to salvage their claims.

### iii. THE EXTRINSIC EVIDENCE ATTACHED TO PLAINTIFFS' OPPOSITION IS IMPROPER AND STILL CANNOT OVERCOME THE OBVIOUS APPLICATION OF LAW IN THIS CASE.

Finally, inasmuch as plaintiff Oscar may have decided to pay the underlying account at some point after the letter at issue was sent to him, it does not change the clear application of the law to the allegations contained in the amended complaint. The amended complaint does not allege that this payment was made, either before or after receipt of the letter at issue and thus has no bearing on the Court's inquiry. Notwithstanding that, the alleged payment was not received by defendant and had never been seen or known by defendant prior to plaintiffs' opposition filing. Additionally, the Exhibit A attachment indicates that the payment was made on 12/1/2011, almost *one year* after Oscar received the letter at issue, *one month after* this lawsuit was filed, and additionally *after* the amended complaint was even filed. Further, given the time frame of the payment, and as the payment was not referenced or relied upon in the amended complaint, on a 12(b)(6) motion, it is improper to consider such extrinsic evidence. *See Friedl v. City of New York,* 210 F.3d 79 (2d Cir. 2000); *Brezel v. Deloitte & Touche, LLP,* 03-cv-1540(RMB), 2004 WL 253284 at *1-2 (S.D.N.Y. 2004); *Lugosch v. Congel*, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. 2002); *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC,* 261 F.Supp.2d 483 (E.D.Va.2003). If anything, it seems the payment was made specifically to, albeit unsuccessfully, bolster plaintiff's failed claims.

### CONCLUSION

While the FDCPA is intended to be construed liberally, it cannot be abused to support "bizarre or idiosyncratic" readings to provide a windfall to those who have not actually experienced any abusive behavior. Based on the authorities relied upon by PCB, PCB respectfully requests that the instant motion to dismiss be granted in all respects requested, and

that plaintiffs' amended complaint be dismissed in its entirety, together with other appropriate and further relief under the circumstances.

Dated:    March 2, 2012
          New York, New York

                                        Respectfully submitted,

                                        _____/s/ Hilary Korman_____
                                        Mel S. Harris & Associates, LLC
                                        By: Hilary F. Korman, Esq.
                                        5 Hanover Square, 8th Fl.
                                        New York, NY. 10004
                                        Direct Dial: (212) 571-4900 Ext. 3309
                                        Direct Facsimile: (212) 660-1018
                                        E-mail: hkorman@melharrislaw.com